UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN RE SEARCH OF 22 BLACKWATCH TRAIL
APARTMENT NO. 8, FAIRPORT, NEW YORK,

06-MR-6009T

**DECISION
and ORDER**

_____

<u>INTRODUCTION</u>

By motion dated June 21, 2006, petitioner Mark Leitner, ("Leitner") proceeding <u>pro se</u>, moves pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized during the execution of a search warrant at 22 Blackwatch Trail, Apartment No. 8, in Fairport, New York.  Leitner resides at that address, and seeks the return of several items including financial documents and records, compact discs, video games, and computer discs, that were allegedly taken pursuant to the May 10, 2006 search of his home.  According to Leitner, the search warrant upon which the executing agents relied was invalid, and not supported by probable cause.  He therefore asserts that the search and seizure of his property was unlawful.  Leitner further objects that the executing agents exceeded the scope of the warrant by taking items that were not set forth in the search warrant.  The government objects to Leitner's motion, and contends that the property removed from 22 Blackwatch Trail Apt. 8 was lawfully seized pursuant to a valid search warrant.

BACKGROUND

Petitioner Mark Leitner resides at 22 Blackwatch Trail in Fairport, New York.  According to a May 9, 2006 Affidavit in support of an Application for a search warrant submitted by Jarod Koopman ("Koopman"), a special agent with the Internal Revenue Service ("IRS"), Leitner is a full-time consultant working for an organization known as Pinnacle Quest International ("PQI"). According to IRS Agent Koopman, PQI and its consultants engage in several unlawful practices including tax evasion and tax fraud. According to information contained in the affidavit, PQI consultants sell memberships into the organization at a cost ranging from $1,350.00 to $18,750.00.  As benefits of membership, members allegedly receive information related to wealth creation and management, retirement planning, and methods for reducing or eliminating taxable income.  Members may also purchase additional information including "The Reliance Defense Package" which purports to demonstrate that the Sixteenth Amendment to the United States Constitution was never ratified, and therefore, cannot serve as a lawful basis for the imposition of federal taxes.[1]

In approximately June, 2003, the IRS instigated an undercover investigation of PQI and several of its consultants including

---

[1] The Sixteenth Amendment to the United States Constitution was ratified on February 3, 1913, and provides that: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration."

Leitner.  Based on information gathered during the investigation, IRS agents learned that several PQI consultants failed to report or pay income tax for income earned through work for PQI.  According to Koopman's Affidavit, Leitner earns between $50,000 and $100,000 as a consultant for PQI, but has not paid taxes since 1998.  Based on the information gathered during the investigation, IRS agents sought a warrant to search Leitner's apartment for evidence of criminal activity including failure to pay taxes, failure to file income tax returns, and conspiracy to commit tax offenses and tax fraud.  According to the Government, Leitner is currently under investigation by the IRS, though no criminal charges have been filed against him.

On May 9, 2006, United States Magistrate Judge Jonathan W. Feldman issued a search warrant authorizing a search of the petitioner's residence.  The warrant authorized, _inter alia_, the search for and seizure of financial records related to PQI and or Leitner, client lists, correspondence between Leitner and the IRS, correspondence between Leitner and any other individual regarding PQI.  On May 10, 2006, IRS agents executed the search warrant at 22 Blackwatch Trail, and thereafter provided the petitioner with an inventory of items taken pursuant to the warrant.

On May 11, 2006, one day after the execution of the search warrant, petitioner appeared at IRS offices in Rochester, New York to demand the return of his property on grounds that the warrant was

invalid.   According  to  Leitner,  the  IRS  refused  to  return  his
property.    By  undated  letter  received  by  the  IRS  on  May  24,  2006,
Leitner  made  a  formal  written  request  for  the  return  of  all  property
that  was  seized  on  May  10,  2006,  on  grounds  that  the  search  of  his
residence  was  unlawful.    Although  Leitner  contends  that  the  IRS
refused  to  return  any  of  his  property,  the  Government  contends  that
some  of  Leitner's  property  was  returned  to  him  following  his
requests.   The  Government  asserts  that  all  remaining  property  in  its
possession  is  property  that  was  lawfully  taken  pursuant  to  the  search
warrant.   On  June  24,  2006,  petitioner  filed  the  instant  motion  for
return  of  his  property.

DISCUSSION

Petitioner  moves  pursuant  to  Rule  41(g)  of  the  Federal  Rules  of
Criminal  Procedure  for  Return  of  all  property  that  was  taken  pursuant
to  the  May  10,  2006  search  of  his  home.    Rule  41(g)  provides  that:

> A  person  aggrieved  by  an  unlawful  search  and
> seizure  of  property  or  by  the  deprivation  of
> property  may  move  for  the  property's  return.
> The  motion  must  be  filed  in  the  district  where
> the  property  was  seized.   The  court  must  receive
> evidence  on  any  factual  issue  necessary  to
> decide  the  motion.   If  it  grants  the  motion,  the
> court  must  return  the  property  to  the  movant,
> but  may  impose  reasonable  conditions  to  protect
> access  to  the  property  and  its  use  in  later
> proceedings.

Fed. R. Crim. P. 41(g).   Although  Rule  41(g)  provides  that  the  court
"must  receive  evidence  on  any  factual  issue  necessary  to  decide  the
motion",  evidentiary  hearings  are  not  required  where  the  issue  for
determination  is  a  legal  issue,  and  not  a  factual  issue.   See e.g.,

Page -4-

Matter of 949 Erie Street, Racine, Wisc., 645 F.Supp. 55, 57-58 (E.D. Wisc., 1986)(evidentiary hearings not granted as a "matter of course"–petitioner must allege detailed facts that are non-conjectural, material and disputed that, if proved, would entitle petitioner to relief.)(citing U.S. v. Migley, 596 F.2d 511 (1st Circ. 1979).

In the instant case, petitioner raises two claims in support of his motion for the return of his property. First, Leitner contends that the warrant was facially invalid because the warrant failed to allege that a crime was committed, failed to state the items sought were the fruit, evidence, or implements of crime, and failed to be based on the oath or affidavit of a official with knowledge of the alleged criminal activity. See Petitioner's Memorandum of Law at p. 6. Second, petitioner contends that the agents executing the search exceeded the scope of the warrant by seizing items that were not identified in the warrant. See Petitioner's Memorandum of Law at p. 11.

With respect to Leitner's claim that the warrant was unsupported by an oath or affirmation, I reject that claim, as the record reveals that the warrant application contained an affidavit submitted by Special Agent Jarod Koopman of the Internal Revenue Service setting forth the basis for the agency's belief that petitioner had engaged in various crimes including tax evasion. The affidavit sufficiently sets forth facts upon which a reviewing judicial officer could determine that probable cause existed to believe that evidence of

criminal activity could be found at the petitioner's residence. Plaintiff's claim that the warrant was invalid because the supporting affidavit was not served upon him with the warrant is without merit, as there is no requirement under law that such an affidavit be served with a search warrant.

With respect to petitioner's claim that the warrant failed to identify an alleged crime, or that the items to be seized constituted evidence, implements, or fruit of crime, I reject that contention as well. As recently stated by the Supreme Court in United States v. Grubbs, _____ U.S. _____, 126 S.Ct. 1494, 1500 (2006) "The Fourth Amendment . . . does not set forth some general 'particularity requirement.' It specifies only two matters that must be 'particularly describ[ed]' in the warrant: 'the place to be searched' and 'the persons or things to be seized.' We have previously rejected efforts to expand the scope of this provision to embrace unenumerated matters." In the instant case, the warrant issued by Magistrate Judge Feldman specifically identified the location to be searched, and the items to be seized. As such, the warrant issued by Judge Feldman was lawful.

Finally, Leitner contends that the agents executing the search exceeded the scope of the warrant by taking items that were not subject to seizure under the terms of the warrant. Specifically, the petitioner contends that CD's, video games on CD or DVD, a Lion's Club contact list, credit cards, money orders, receipts, a passport, and unspecified other records were unlawfully seized in connection

with the search warrant.  I find, however, that the petitioner has failed to raise a claim with respect to these items.  Items such as money orders, and receipts were the direct subject of the warrant, and accordingly, seizure of those items under the warrant was authorized.  Similarly, the seizure of CD's and DVD's, and contact lists was authorized in connection with the search for records related to PQI.  Any CD's and DVD's not related to any subject of the warrant have been or will be returned to the petitioner, and Leitner has not identified any specific CDs or DVDs that have been unlawfully retained.  <u>See</u> August 21, 2006 Affidavit of Jarod Koopman. Similarly, the Government has affirmed that petitioner's credit cards and passport will be returned to the petitioner, and I Order that those items be returned forthwith.  Because the items seized were within or arguably within the scope of the search warrant, and because upon examination those items that are not within the scope of the warrant have been or will immediately be returned to the petitioner, I find that the agents executing the warrant did not exceed the scope of their authority.

<u>CONCLUSION</u>

For the reasons set forth above, I deny petitioner's motion for return of property consistent with this Order.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
   Michael A. Telesca
United States District Judge

DATED:     Rochester, New York
           August 22, 2006