```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```
                                                    06-MR-6009T
IN RE SEARCH OF 22 BLACKWATCH TRAIL
APARTMENT NO. 8, FAIRPORT, NEW YORK,                **DECISION**
                                                    **and ORDER**
```
_____
```

INTRODUCTION

By Order dated August 22, 2006, I denied petitioner Mark Leitner's motion for return of property seized pursuant to a search warrant authorizing the search of Leitner's residence at 22 Blackwatch Trail. Leitner contended that the search warrant authorizing the search was invalid, and that the officers executing the search seized items that were beyond the scope of the warrant. I found that the warrant was valid, and that any items seized that were beyond the scope of the warrant had been or were in the process of being returned to the petitioner.

By motion dated August 29, 2006, Leitner moves for reconsideration of this Court's August 22, 2006 Decision and Order. Petitioner contends, inter alia, that this court failed to allow him to develop an evidentiary record upon which the court could consider his request for relief, and that this court committed legal error in analyzing the law related to search and seizure. Thereafter, on September 18, 2006, petitioner appealed this court's August 22, 2006 Decision and Order to the Second Circuit Court of Appeals.

Even if the court were inclined to grant petitioner's motion, (which it is not), by appealing this court's ruling, petitioner has divested the court of jurisdiction to grant his motion for reconsideration. See, e.g. Thorpe v. Luisi, 2005 WL 1863671 (S.D.N.Y August 4, 2005)(Court may only deny Rule 60(b) motion for reconsideration once notice of appeal is filed). Accordingly, because this court lacks jurisdiction to do otherwise, petitioner's motion for reconsideration is denied.

Moreover, even if this court did have jurisdiction to consider petitioner's motion for reconsideration on the merits, I find that petitioner has failed to set forth any basis for granting such a motion.

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and . . . [is] generally granted only upon the showing of exceptional circumstances." Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), aff'd, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995). In the instant case, plaintiff has failed to identify law or facts that

this court overlooked, and instead seeks to reargue issues that were decided by the court. While petitioner contends that this court erred by not allowing him to develop an evidentiary record, I addressed that issue in my August 22, 2006 Decision and Order, when I held that no evidentiary hearing was necessary.

Accordingly, for the reasons stated above, I deny petitioner's motion for reconsideration.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
     Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         October 10, 2006